UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC MILANO, | Case No. 2:22-cv-00071-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| DUNCAN, *et al.*, | |
| Defendants. | |

Plaintiff brought this section 1983 action alleging that the defendants, who are officers of the Vallejo Police Department, violated his Fourth Amendment rights when they used excessive force against him during a high-speed chase. ECF No. 1 at 3. Now, because plaintiff's state criminal case is pending, defendants have moved to stay this action based on the abstention doctrine laid out in *Younger v. Harris*, 401 U.S. 37 (1971). The time period for filing an opposition lapsed and, on March 3, 2023, I ordered plaintiff to file an opposition or statement of non-opposition within twenty-one days—or face dismissal for failure to prosecute. ECF No. 24. Plaintiff responded to my order by filing a one-page opposition that offered no legal analysis or support in case law. ECF No. 25. In relevant part, plaintiff indicated only that he did not desire a stay. *Id.* For the reasons set forth below, I will grant defendants' motion to stay.[1]

Under *Younger v. Harris*, federal courts should abstain from staying or enjoining state criminal prosecutions where: "(1) there is an ongoing state judicial proceeding; (2) the proceeding

---

[1] The parties have consented to my jurisdiction. ECF No. 29.

1

implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." 401 U.S. 37, 45 (1971); *see also Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). Defendants have attached the criminal information and the state court docket, ECF No. 23-1 at 4-25, and ask that I take judicial notice of these. I will do so. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

The first element is met insofar as the documents of which I have taken judicial notice show that state criminal proceedings against plaintiff are ongoing—a fact plaintiff has not disputed. ECF No. 23-1 at 23. The second element is also met because state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). The latter two elements require a more detailed factual analysis.

I find that plaintiff will have an adequate opportunity to raise his constitutional challenge in state court. He has been charged with the attempted murder of a peace officer, namely defendant Komoda, during the pursuit leading to his arrest. ECF No. 23-1 at 15-16. Defendants argue that, during his criminal trial, he may raise defendants' allegedly unlawful use of force to justify his own use of force against them. ECF No. 23 at 6. This may be correct. To prove the attempted murder of a peace officer count, the district attorney will need to show that defendant Komoda was "engaged in the performance of his duty." ECF No. 23-1 at 15. This will require a showing that Komoda was engaged in the "lawful" performance of his duties. The California Criminal Jury Instructions provide that "[a] peace officer is not lawfully performing his or her duties if he or she is unlawfully arresting or detaining someone or using unreasonable or excessive force in his or her duties." *See* CALCRIM No. 2670. Thus, plaintiff may raise his

claim that Komoda and the other defendants were using excessive force at the time of the incident.² This analysis also informs the fourth factor and causes it to weigh in favor of abstention. Plaintiff's success in the instant case would require a finding that defendants used excessive force against him. And such success might conflict with factual findings made in state court, thereby practically enjoining those procedures.

Finally, plaintiff has not argued that any of the exceptions to *Younger*, such as bad faith, harassment, or the presence of irreparable injury, are present.

Accordingly, it is ORDERED that:

1. Defendant's motion to stay, ECF No. 23, is GRANTED and this action is STAYED pending resolution of plaintiff's state court criminal proceedings.

2. Defendants are directed to file a notice with the court upon the termination of plaintiff's criminal proceedings.

IT IS SO ORDERED.

Dated: June 10, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

² I note that the Supreme Court has directed federal courts to assume, absent authority to the contrary, that state courts will afford a litigant an adequate opportunity to raise and litigate constitutional claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).