UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC MILANO,<br><br>    Plaintiff,<br><br>    v.<br><br>J. DUNCAN, *et al.*,<br><br>    Defendants. | Case No.  2:22-cv-0071-JDP (P)<br><br>ORDER |

Plaintiff Dominic Milano alleges that Vallejo Police Officers Duncan, Simpson, and Komoda used excessive force against him. According to the complaint, plaintiff engaged defendants in a high-speed chase, which ended when plaintiff crashed into another car after running a red light. Plaintiff alleges that defendants fired their weapons at him when he was trapped in his car and posed no threat to them. However, plaintiff pled no contest to assault on a peace officer with an assault rifle in violation of California Penal Code § 245(d)(3). The factual basis for that plea provides that defendants returned fire only after plaintiff fired upon them.

Defendants move to dismiss, arguing that the claims are barred *Heck*. ECF No. 40. After reviewing the complaint and the moving papers, the court finds that plaintiff's claims are *Heck* barred.

1

I.   **Background**

   A. **Allegations**

The complaint alleges that on November 1, 2018, plaintiff was involved in a high-speed chase from Vallejo to Oakland, California. ECF No. 1 at 3. Plaintiff exited the freeway in Oakland and crashed his car at the intersection of 22nd Street and International Boulevard. *Id.* After he crashed, defendants Duncan, Simpson, and Komoda open fire on him, striking him in the head and torso. *Id.* Plaintiff states that when defendants fired at him, he posed no threat to them. *Id.*

   B. **Criminal Conviction**[1]

Plaintiff suffered a criminal conviction based on the events that occurred on November 1, 2018. ECF No. 40-1 at 4-7. On March 15, 2024, plaintiff entered a no contest plea to evading a peace officer in violation of California Vehicle Code § 2800.2, assault on a peace officer with an assault rifle in violation of California Penal Code § 245(d)(3), and possession of a firearm as a felon in violation of California Penal Code § 29800(a)(1). *Id.* at 4. In his plea, plaintiff checked the box that confirms his plea is based upon the facts elicited at the preliminary hearing. *Id.* at 6.

At the preliminary hearing, defendant Komoda testified that on November 1, 2018, he received a dispatch about a suspicious person, later identified as plaintiff, in the Glen Cove area. *Id.* at 196-97. Dispatch indicated that plaintiff was armed with "assault rifles Uzi-type weapons, ammo, body armor and [the reporting party] stated he was afraid for his life." *Id.* at 197. At the request of defendant Simpson, Komoda reported to the Glen Cove area where plaintiff was located. Komoda was instructed by his superiors to position his car to block plaintiff from escaping. *Id.* at 202. A short while later, plaintiff got inside his car and fled. *Id.* at 202-03. Komoda and other police officers began pursuit. During the chase, Komoda's became the lead pursuit car. *Id.* at 204-07. Following a lengthy pursuit on the freeway, in which plaintiff's speed reached 120 miles per hour, plaintiff exited the freeway and continued fleeing on surface streets

---

[1] In support of their motion to dismiss, defendants filed a request for judicial notice of a copy of plaintiff's plea, the information, and the preliminary hearing transcript. ECF No. 40-1. Plaintiff does not oppose the request. Defendants' request for judicial notice is granted. *See* Fed. R. Civ. P. 201; *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

2

in Oakland, California. During this portion of the pursuit, plaintiff ran a red light at the intersection of International Boulevard and 22nd Street and collided with a civilian minivan. *Id.* at 214-15. Plaintiff's vehicle crashed onto the sidewalk next to the intersection. *Id.* at 215. Komoda stopped his vehicle behind plaintiff's, and, as Komoda started to step out of his vehicle, plaintiff extended an "AR-style rifle" out the driver's side window and fired three rounds in Komoda's direction. *Id.* at 218. In response, Komoda discharged the entire magazine of his duty handgun in plaintiff's direction. *Id.* After Komoda reloaded his handgun, he saw that plaintiff had his hands up in the air inside the vehicle, and that he had nothing in his hands. *Id.* at 219.

Defendant Duncan also testified at the preliminary hearing. *Id.* at 264. Duncan had joined Komoda in pursuit of plaintiff. *Id.* at 271. Duncan testified that he saw plaintiff's car collide with a civilian car on International Street, and that when he pulled up next to Komoda's car, behind plaintiff's, he heard gunshots. *Id.* at 275-76. Duncan testified that he saw plaintiff fire his weapon out his driver's side window. *Id.* at 278. After hearing plaintiff's shots, Duncan fired nine rounds in plaintiff's direction. *Id.* at 279-80. Duncan reloaded his weapon, but he did not fire again, since he saw plaintiff raise his hands and heard him say something like, "I give up." *Id.* at 280.

Officer Simpson did not testify at the preliminary hearing. Komoda testified that he was not aware that Simpson was shooting at plaintiff's vehicle during the firefight, but that he later saw several bullet holes through Simpson's windshield, suggesting that "Simpson may have fired his duty firearm from the seated position in his vehicle out through his windshield." *Id.* at 246.

**C. Procedural History**[2]

Plaintiff filed his complaint on January 11, 2022. ECF No. 1. After screening the complaint, the court directed service on defendants Duncan, Simpson, and Komoda. ECF No. 7. On December 29, 2022, defendants moved to stay this action under *Younger v. Harris*, 401 U.S. 37 (1971), because plaintiff's criminal case underlying his § 1983 claims remained pending in

---

[2] The parties consented to magistrate judge jurisdiction. ECF No. 29.

state court. ECF No. 23. After reviewing the *Younger* factors, the court granted defendants' motion and stayed this action pending resolution of plaintiff's state criminal case. ECF No. 31.

A year later, in June 2024, plaintiff filed a motion to lift the stay. ECF No. 33. In the motion, plaintiff explained that he had entered a "no contest plea" and that his criminal case had been resolved. *Id.* A week later, the court lifted the stay and referred this matter to alternative dispute resolution. ECF Nos. 34 & 35. Defendants moved to opt out of ADR, and the court granted their motion. ECF Nos. 37 & 39. On September 12, 2024, defendants filed the pending motion to dismiss. ECF No. 40. Plaintiff filed his opposition on November 25, 2024, ECF No. 45, and defendants filed their reply on December 2, 2024, ECF No. 46.

## II.   Legal Standards

### A. Motion to Dismiss

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In certain circumstances, the court may also consider documents referenced in—but not included with—the complaint or that form the basis of plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

**B.** *Heck* **Bar**

*Heck v. Humphrey*, 512 U.S. 477 (1994), bars § 1983 damage claims for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves that the conviction or sentence was reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 486-87. When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If the judgment would necessarily imply the invalidity of the plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 643, 649 (1997). But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit such as abstaining in response to parallel state-court proceedings. *Heck*, 512 U.S. at 487 & n.8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

**III. Analysis**

Defendants argue that plaintiff's complaint should be dismissed because his claims are *Heck* barred. ECF No. 40. Defendants argue that a finding here that they used excessive force against plaintiff would be inconsistent with plaintiff's conviction under Penal Code section 245(d)(3), since the use of excessive force in effecting an arrest negates the required element of an officer acting lawfully, which is an essential element of Penal Code section 245. *Id.* at 7. In opposition, plaintiff argues that he pled "no contest" instead of "guilty."[3] ECF No. 45. Defendants argue in reply that, although plaintiff pled no contest, that does not allow plaintiff to evade the *Heck* bar here. ECF No. 46 at 2.

---

[3] *Heck* applies to convictions arising out of plea bargains, including *nolo contendere* pleas. *See Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (explaining that "[w]hen the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea"); *Sanders v. City of Pittsburg*, 14 F.4th 968, 970-72 (9th Cir. 2021) (applying *Heck* in case involving no contest plea).

*Heck* typically does not bar excessive force claims, even if the alleged excessive force was used during an arrest, because such claims may not imply the invalidity of subsequent convictions or sentences. For instance, *Heck* will not bar a claim of excessive force where the force used can be separated from the resisting behavior on which the conviction rests. *See Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding that a conviction for resisting arrest did not result in *Heck* bar to claim for excessive force during arrest "when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction'"); *Smith v. City of Hemet*, 394 F.3d 689, 696-98 (9th Cir. 2005) (finding that a conviction for resisting arrest did not result in a *Heck* bar of an excessive force claim "because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction"); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996) (finding that a conviction, pursuant to guilty plea, for assault with a deadly weapon (*i.e.*, a truck driven at police) did not result in *Heck* bar to excessive force claim because the force allegedly was used after plaintiff exited his vehicle).

However, *Heck* can apply when the nature of the conviction is plainly inconsistent with the excessive force claim that the plaintiff is asserting. *See Miller v. Whitney*, No. C00-0995-CRB (PR), 2000 WL 1721063, at *1 (N.D. Cal. Nov. 7, 2000) (dismissing the plaintiff's complaint as *Heck* barred because the plaintiff's claim of excessive force was directly at odds with his conviction for assault with a semi-automatic firearm upon a peace officer).

The Ninth Circuit found in *Curry v. Baca*, 371 F. App'x 733 (9th Cir. 2010), that the plaintiff's excessive force claim was *Heck* barred because the plaintiff was convicted of two counts of assault on a peace officer with a semi-automatic firearm. "To find Curry guilty, the jury necessarily had to decide that the officers did not use excessive force 'at the time of the arrest.'" *Id.* at 733. The court rejected the plaintiff's attempts to separate his behavior from the forceful response. "The allegedly excessive police conduct here—shooting Curry while pursuing him—falls within the temporal scope of the assault because the moment Curry pointed his firearm at the officers, they began pursuing him. Therefore, the officers' use of force 'is part of a single act for which the jury found that Curry bears responsibility.'" *Id.* at 734.

Here, plaintiff's conviction for violating California Penal Code section 245(d)(3) precludes him from pursuing this civil rights action for excessive force. Section 245(d)(3) provides:

> Any person who commits an assault with a machinegun, as defined in Section 16880, or an assault weapon, as defined in Section 30510 or 30515, or a .50 BMG rifle, as defined in Section 30530, upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for 6, 9, or 12 years.

To prove this crime, each of the following elements must be proved:

> 1. A person committed an assault with an assault rifle;
>
> 2. The person upon whom the assault was committed was a peace officer;
>
> 3. At the time of the assault, the peace officer was engaged in the performance of his duties;
>
> 4. The person who committed the assault knew or reasonably should have known that the other person was a peace officer; and
>
> 5. That person knew or reasonably should have known that the peace officer was engaged in the performance of his duties.

Cal. Jury Instr. – Crim. 9.20.1. The third element is significant; California courts have held that an officer who uses excessive force is acting unlawfully and therefore is not engaged in the performance of his or her duties. *People v. White*, 101 Cal. App. 3d 161, 161 Cal. Rptr. 541, 544-45 (1980); *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022).

Plaintiff's claim that defendants shot him while he posed no threat to them is directly at odds with plaintiff's conviction for assault on a peace officer based on the same event. For plaintiff to have been convicted of this crime, the officers had to be "lawfully performing [their] duties as a peace officer[s]," which is incompatible with them shooting at plaintiff while plaintiff was posing no threat to them. It is also the case that the assault that served as the basis for

plaintiff's conviction occurred as an uninterrupted sequence of events, rather than prior to or after, the alleged used of excessive force by defendants.

A determination here that defendants used excessive force against plaintiff would imply that his conviction under section 245(d)(3) was invalid. Success on plaintiff's claim that he was shot by defendants while posing no danger to them would necessarily imply the invalidity of plaintiff's conviction for assault with a firearm on a peace officer, which is based on the same interaction with police. *Heck* therefore bars plaintiff's excessive force claims.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 40, is granted;
2. Plaintiff's claims are dismissed as *Heck* barred; and
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    January 13, 2025               /s/ Jeremy Peterson
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE